Núm. 8263. — González, aplte. *v.* Corte, aplda. — Apelación de sentencia de Juez de Turno. ▆▆▆▆▆▆ Junio 20, 1941.

(Por la Corte, a propuesta del Juez Asociado Sr. Todd, Jr.)

Por cuanto, la peticionaria apelante solicita reconsideremos nuestra resolución de mayo 1º de 1941 a virtud de la cual desestimamos por abandono la apelación interpuesta en el recurso de epígrafe, alegando bajo juramento como fundamento para ello que el señalamiento de la moción para desestimar presentada por la parte interventora había sido notificado a ''Lic. E. Báez García, Mayagüez'', que la tarjeta correspondiente fué entregada no a él sino a su hermano el Lic. Eudaldo Báez García que a la sazón se hallaba en funciones legislativas en San Juan y que por tal motivo él no pudo oponerse a tiempo a la desestimación solicitada por el interventor, ni comparecer a la vista;

Por cuanto, el 19 de mayo del año en curso señalamos una vista para oír a las partes sobre la referida ''moción de reconsideración y nuevo señalamiento'' presentada por la peticionaria apelante, pero ''entendiéndose que si este tribunal decide declarar con lugar la referida moción y dejar sin efecto su resolución de mayo 1º. de 1941, resolverá en la forma que proceda la moción de desestimación sin más audiencia de las partes'';

Por cuanto, el día señalado para oír dicha moción de reconsideración y nuevo señalamiento la peticionaria no compareció a la vista, mas sí el interventor quien no controvirtió en manera alguna las alegaciones de la apelante sobre el no recibo de la notificación de la vista de la moción para desestimar, por lo que, a los fines de esta resolución, admitiremos que tal notificación no fué recibida por la apelante;

Por cuanto, el hecho de que el abogado de la apelante no recibiera dicha notificación no es excusa que le justifique en no haber radicado su alegato a tiempo, pues el secretario de este Tribunal Supremo no tiene la obligación de notificar a las partes de sus señalamientos sino que son éstas las que deben estar alertas y pendientes de la debida tramitación de sus casos ante el mismo, porque como se dijo en el caso de *De Gracia* v. *Guardiola,* 37 D.P.R. 833, ''la actuación del Secretario del Supremo al notificar los señalamientos es una cortesía y no un deber; los abogados, como funcionarios del tribunal,

están obligados a saber las fechas para las cuales se han señalado sus apelaciones'';

POR CUANTO, habiendo radicado la apelante su alegato el mismo día señalado para la vista de su moción de reconsideración, hemos examinado el mismo en relación con la resolución dictada por el Juez de Turno, Sr. De Jesús, y estamos convencidos de que la apelación interpuesta en este caso carece de méritos y que siempre procedería la confirmación de la sentencia apelada por la que se denegó la expedición del auto de certiorari solicitado, ya que la concesión por la corte inferior de $450 en lugar de $2,500 en concepto de honorarios de abogado demuestra que el no haberse suministrado el pliego de particulares solicitado por la apelante no le fué perjudicial y que el Juez de Turno aplicó bien el artículo 142 del Código de Enjuiciamiento Civil, que dispone:

"En cualquier estado de un pleito la corte no tomará en cuenta algún error o defecto en las alegaciones o procedimientos que no afecten a lo esencial de los derechos de las partes, y no se revocará o invalidará ningún fallo por razón de dicho error o defecto'';

POR TANTO, se declara sin lugar la moción de reconsideración presentada por la apelante.